Curia, per O’Neall, J.
The rule that “a promise by the party entitled to notice, to pay the bill, is deemed a full and complete waiver of the want of due notice,” seems noWp to be settled law. It is, however, subject to the qualification. stated in the same section, “in all cases of this sort, the promise must be unequivocal, and amount to an admission of the right of the holder; or the act .done must be of a nature clearly, importing a like admission of his right.” The defendant’s first conversation with George Wood, seems to me to fully sustain the case under this qualification. For he tells him, on the note being presented to 'him, “ he would see Cramer and try to get the money out of him, and if he could not, he would have to pay it himself, as he was the endorser on the note.” This was a plain admission'of his liability, and the plaintiff’s right to receive the money from him. This is not questioned' by the defendant, but, it is said, unless he knew, when he made the promise, that he was discharged by. the laches of the holder, the promise would . not bind him! This may be generally true, and yet not avail the defendant... For if he knew, or must be legally regarded as knowing the facts, (if they existed), out of which his discharge would have followed, then his promise will be binding. The note here was due June, 1848 — this promise or admission was February, 1849. If the note had not been presented to the maker, payment demanded, and notice given to the endorser, it would seem' that, in seven or eight months, the defendant would have known all about it, especially as the most interesting thing to him was, that these facts should have been communicated to him to fix his liability. It is no answer to say, he did not know that there must be a demand of payment from the maker when the note fell due, and notice to him of that fact, and the non payment, in order to make him liable! If he knew the facts, he is presumed to know the law — mere ignorance of it is no excuse. The true notion is, however, when a man promises to pay a dishonored note, that this is proof that every thing necessary to fix his liability had previously taken place; and if he is to have any benefit of his promise being made in mistáke, he must shew that the antecedent facts to his liability did not occur, and, therefore, that he was discharged when he made the promise; when if he can shew, as in Lawrence v. Beau-bien, that he was wrongly instructed in the law, and his promise was made in mistake of the law, it may avail .him; otherwise not.
*300 Mr. Chitty in his treatise on Bills says, “ a promise to pay, made after a bill becomes due, is considered an admission of a reSu^ar presentment for payment and of due notice, or at least waives the objection, because the party must be supposed to have known when the bill became due, and must have actually known, or might readily have ascertained the fact, whether or not there had been laches; and, therefore, when such a promise has been made, the plaintiff may avail himself of it, without proving that the defendant knew that the bill had been actually presented and refused.” This covers the whole ground, and is a just understanding of the cases decided on this question.
The motion is dismissed.
Richardson, Evans, Waedlaw and Frost, JJ. concurred.

Motion refused.